| Maria Araica and Leyla Gabuardi, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-24988-Civ-Scola |
| | ) | |
| Royal Caribbean Cruises Ltd. and | ) | |
| others, Defendants. | ) | |

## Order on the Defendants' Motions to Dismiss

Now before the Court are the Defendants' motions to dismiss (ECF No. 23 and 24) filed by Intercruises Shoreside & Port Services, Inc. and Royal Caribbean Cruises, Ltd respectively (collectively the "Defendants"). For the reasons set forth below, the motions (**ECF No. 23 and 24**) are **granted**.

The Plaintiffs Maria Araica and Leyla Gabuardi filed suit to recover for injuries sustained from falling photography backdrop and equipment. The Plaintiffs sustained these alleged injuries when taking an embarkation photo while attempting to board a cruise ship. (ECF No. 1 at ¶ 15.) The Plaintiffs bring two counts for negligence against the Defendants—one for failure to warn and another for general negligence.

The Defendants both move to dismiss the complaint arguing that it is a shotgun pleading because it is difficult to differentiate between the allegations and how they apply to each Defendant. The complaint instead alleges that all of the Defendants engaged in the offensive conduct without distinguishing which Defendants were responsible for which negligent conduct. To support their argument that the Plaintiffs' complaint is a shotgun pleading, the Defendants cite to *Magluta* where the court dismissed the filing of a shotgun complaint because it was "replete with allegations that the defendants' engaged in certain conduct, making no distinction among the fourteen defendants" even though "all of the defendants could not have participated in every act." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Here, the Defendants could have participated in every act, and the complaint "can be fairly read to aver that all defendants are responsible for the alleged conduct." *State Farm Mutual Auto. Ins. Co. v. Health & Wellness Services*, 389 F. Supp. 3d 1137, 1147 (S.D. Fla. 2018) (Scola, J.). In short, alleging multiple defendants are liable for the conduct alleged in each count here is not fatal to their complaint.

Nevertheless, the Court agrees that the complaint is a shotgun pleading. In their complaint, The Plaintiffs lumped at least twelve claims for relief into their

second negligence count. Many of these "breaches" raise distinct theories of liability and must be plead as separate counts.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). The complaint here is this type of shotgun pleading.

Within their second "negligence" count, the Plaintiffs attempt to cram multiple, distinct theories of liability into one claim. (Compl. at ¶ 33.) Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations.[1] *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-

---

[1] For example, the facts supporting the Plaintiffs' claim based on the Defendants' failure to inspect will most certainly be distinct from the Plaintiffs' claim based on the Defendants' failure to train their employees.

22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases).

Accordingly, the Court **grants** the motions to dismiss, (**ECF No. 23, 24**). The Plaintiffs may file an amended complaint by **March 16, 2020**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard.

The Plaintiffs are forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on March 3, 2020.

Robert N. Scola, Jr.
United States District Judge