UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24988-RNS

MARIA ARAICA and LEYLA GABUARDI,

    *Plaintiff*,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
IMAGE (a Cayman Island Corporation),
INTERCRUISES SHORESIDE & PORT SERVICES, INC.,
and XYZ CORPORATION(S).

    *Defendants*.
_____/

**DEFENDANT, ROYAL CARIBBEAN CRUISES LTD.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT AND REQUEST FOR ADVISORY JURY TRIAL**

Defendant, ROYAL CARIBBEAN CRUISES LTD. ("RCL"), by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, files its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint and Request for Advisory Jury Trial [ECF No. 32], and states at follows:

**PRELIMINARY ALLEGATIONS**

1. Without sufficient knowledge; therefore, denied.

2. Without sufficient knowledge; therefore, denied.

3. Admitted for purposes of this litigation only that RCL's place of incorporation is outside the United States and its principal place of business is in Florida. All else is denied.

4. The allegations in in this paragraph are not directed towards RCL, therefore no response is required.

5. The allegations in this paragraph are not directed towards RCL, therefore no response is required.

6. Admitted that this matter falls under the admiralty and maritime jurisdiction of the Court.

    a. Denied that Plaintiff is entitled to an advisory jury.

7. The allegations in this paragraph, including subparts, are directed towards all three

Defendants. To the extent the allegations are directed towards RCL, it is admitted for the purposes of this litigation only that RCL is subject to the personal jurisdiction of this Court. All else is denied.

8. The allegations in this paragraph are directed towards all three Defendants. To the extent the allegations are directed towards RCL, it is admitted for the purposes of this litigation only that RCL is subject to the personal jurisdiction of this Court. All else is denied.

9. Admitted that General Maritime Law applies to Plaintiffs' claims. All else is denied.

10. RCL admits it operated, managed, maintained and controlled and was the owner *pro hac vice* of the vessel, *Independence of the Seas*.

11. Admitted that on December 6, 2018, the *Independent of the Seas* was docked in Port Everglades Florida, for passengers, including Plaintiffs to embark on a 4-night Western Caribbean cruise. Admitted that RCL passengers, including Plaintiffs, boarded at cruise terminal 18. All else is denied.

12. Denied.

13. Admitted that on December 6, 2019, the Plaintiffs were paying passengers and were walking through the Cruise Terminal to board the cruise ship, which was docked in navigable waters. Admitted that Plaintiffs voluntarily posed for a photograph at the direction of individuals that were not employed by RCL and that they walked into the photographic backdrop after failing to maintain a proper lookout. All else is denied.

14. All allegations directed to RCL are denied. Admitted that Image set-up and controlled the subject backdrop and photo equipment. All else is denied.

15. Admitted that Image sold and printed photographs taken of passengers during the embarkation process in the Cruise Terminal. All else is denied.

16. Admitted that RCL was involved in aspects of the embarkation process. All else is denied.

17. Denied.

18. Admitted that RCL contracted with Image to provide photo services to RCL passengers and that photo services were available at the Cruise Terminal. All else is denied.

19. Denied.

20. Denied.

21. Denied, including all subparts.

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

### COUNT I – NEGLIGENT FAILURE TO WARN AGAINST RCCL

RCL reincorporates and re-states all its responses to paragraphs 1 through 21 as if fully stated herein and further responds:

22. Denied.

23. Denied.

24. Admitted that Plaintiffs voluntarily decided to pose for a photograph with a photographer and in front of a photographic backdrop that Image provided. Plaintiffs, acting contrary to the photographer's instructions and warning signs, walked backwards into a stationary photographic backdrop causing it to dislodge. All else is denied.

25. Denied, including all subparts.

26. Denied.

27. Denied.

28. Denied, including all subparts.

29. Denied.

WHEREFORE, Defendant, RCL, demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

### COUNT II – GENERAL NEGLIGENCE AGAINST RCCL

RCL reincorporates and re-states all its responses to paragraphs 1 through 21 as if fully stated herein and further responds:

30. Denied.

31. Denied, including all subparts.

32. Denied.

WHEREFORE, Defendant, RCL, demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

### COUNT III – NEGLIGENT FAILURE TO TRAIN AGAINST RCCL

RCL reincorporates and re-states all its responses to paragraphs 1 through 21 as if fully stated herein and further responds:

33. Denied.

34. Denied, including all subparts.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

35. Denied.

WHEREFORE, Defendant, RCL, demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

### COUNT IV - NEGLIGENT FAILURE TO INSPECT AGAINST RCCL

RCL reincorporates and re-states all its responses to paragraphs 1 through 21 as if fully stated herein and further responds:

36. Denied.

37. Denied, including all subparts.

38. Denied.

WHEREFORE, Defendant, RCL, demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

### COUNT V – NEGLIGENT FAILURE TO MAINTAIN AGAINST RCCL

RCL reincorporates and re-states all its responses to paragraphs 1 through 21 as if fully stated herein and further responds:

39. Denied.

40. Denied, including all subparts.

41. Denied.

WHEREFORE, Defendant, RCL, demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

### COUNT VI – NEGLIGENT FAILURE TO WARN AGAINST IMAGE CAYMAN

The allegations in paragraphs 42 through 49 are not directed towards RCL, therefore no response is required.

### COUNT VII – GENERAL NEGLIGENCE AGAINST IMAGE CAYMAN

The allegations in paragraphs 50 through 52 are not directed towards RCL, therefore no response is required.

### COUNT VIII – NEGLIGENT FAILURE TO TRAIN AGAINST IMAGE CAYMAN

The allegations in paragraphs 53 through 55 are not directed towards RCL, therefore no response is required.

4

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 1:19-cv-24988-RNS

### COUNT IX – NEGLIGENT FAILURE TO INSPECT AGAINST IMAGE CAYMAN

The allegations in paragraphs 56 through 58 are not directed towards RCL, therefore no response is required.

### COUNT X – NEGLIGENT FAILURE TO MAINTAIN AGAINST IMAGE CAYMAN

The allegations in paragraphs 59 through 61 are not directed towards RCL, therefore no response is required.

### COUNT XI – NEGLIGENT FAILURE TO WARN AGAINST INTERCRUISES

The allegations in paragraphs 62 through 69 are not directed towards RCL, therefore no response is required.

### COUNT XII – GENERAL NEGLIGENCE AGAINST INTERCRUISES

The allegations in paragraphs 70 through 72 are not directed towards RCL, therefore no response is required.

### COUNT XIII – NEGLIGENT FAILURE TO TRAIN AGAINST INTERCRUISES

The allegations in paragraphs 73 through 75 are not directed towards RCL, therefore no response is required.

### COUNT XIV – NEGLIGENT FAILURE TO INSPECT AGAINST INTERCRUISES

The allegations in paragraphs 76 through 78 are not directed towards RCL, therefore no response is required.

### COUNT XV – NEGLIGENT FAILURE TO MAINTAIN AGAINST INTERCRUISES

The allegations in paragraphs 79 through 81 are not directed towards RCL, therefore no response is required.

### **AFFIRMATIVE DEFENSES**

As separate, complete, and affirmative defenses to Plaintiff's Complaint [ECF No. 32] and each of its purported causes of action, based upon information and belief, RCL states as follows:

1. RCL alleges that Plaintiffs' Amended Complaint fails to state a cause of action for which relief may be granted, and should be dismissed with prejudice.

2. RCL alleges that Plaintiffs' injuries were caused either in whole or in part by their own acts of negligence, including but not limited to failure to exercise reasonable care for their own safety, and any award should be reduced accordingly by the principles of comparative fault.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

3. RCL alleges that Plaintiffs' own acts of negligence amount to a superseding cause that cuts off any causal connection between RCL's alleged negligence and Plaintiffs' injuries. Alternatively, RCL alleges that Plaintiffs' damages were caused either in whole or in part by the acts and/or omissions of third persons for whom RCL is not responsible and that amount to a superseding cause that cuts off any causal connection between RCL's alleged negligence and Plaintiffs' injuries.

4. RCL alleges that any injury or damage as alleged to have been suffered by the Plaintiffs herein are not the proximate result of any negligence of RCL and any such injuries are unrelated to the incident at issue and as such, Plaintiffs are unable to recover from RCL.

5. RCL alleges that at all times that it owed a duty of reasonable care to the Plaintiffs herein, it complied and otherwise fulfilled its duty to the Plaintiffs and as such, the Plaintiffs are unable to recover from RCL.

6. RCL alleges that no dangerous condition existed that caused or contributed to Plaintiffs' alleged incident. Alternatively, if a dangerous condition did exist, RCL alleges the Plaintiffs failed to observe an open and obvious condition, and it was the negligence of the Plaintiffs in failing to use their own senses, which gave rise to the alleged accident and any alleged injury arising there from, and therefore Plaintiffs cannot recover for the alleged accident.

7. RCL alleges that Plaintiffs' claim fails as (a) RCL had no actual or constructive notice of any dangerous condition or hazard; (b) that the alleged hazard or dangerous condition was not dangerous and in any event that it could be considered dangerous, did not exist for a sufficient length of time to permit RCL to discover it; (c) RCL did not create the alleged dangerous or defective condition; (d) that the alleged dangerous condition was not reasonably foreseeable to RCL; (e) RCL did not own, operate, maintain and/or control the area in which such a condition existed; and/or (f) RCL alleges that no dangerous condition existed that caused Plaintiffs accident.

8. RCL alleges that Plaintiffs' passage was subject to the terms of the "Cruise Ticket Contract," and that Plaintiffs' action is precluded by the limitations, disclaimers, terms and conditions contained therein including any alleged injury caused by Plaintiffs' activities while disembarking the vessel. RCL adopts and incorporates the entirety of the Cruise Ticket Contract in this Answer by reference.

6

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 1:19-cv-24988-RNS

9.      RCL alleges that Plaintiffs expressly and/or impliedly assumed the risk involved in the alleged condition, knew or should have known of the danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the dangers, and having reasonable opportunity to avoid them, voluntarily exposed herself to the dangers, and therefore RCL is not liable for their injuries and alleged damages.

10.     RCL alleges that the injuries alleged by Plaintiffs in their Complaint were either not caused by RCL, and/or were pre-existing (or would have ensued in the natural progression of their preexisting conditions), and therefore Plaintiffs cannot recover any damages from RCL. Alternatively, if the Plaintiffs were injured as alleged, such injuries extend only to an aggravation of the pre-existing condition.

11.     RCL alleges that the damages allegedly suffered by Plaintiffs were not caused by any act or omission to act on the part of RCL and were caused by other trauma suffered by Plaintiffs in their lifetime wholly unrelated to Defendant.

12.     RCL alleges that Plaintiffs failed to mitigate their damages, or alternative, Plaintiffs mitigated their damages, and therefore, any damages award should be reduced accordingly.

13.     RCL alleges Plaintiffs are not entitled to introduce evidence of medical bills that were discounted. Evidence relating to medical bills that were "written off" is inadmissible. Plaintiffs are not entitled to any windfall type recovery based on the difference between what was billed and what was actually paid by her or by an insurer.

14.     RCL alleges that the alleged tort occurred under circumstances within the scope of federal maritime law, and the general maritime law of the United States applies to the instant matter, to the exclusion of state law.

15.     RCL alleges that it was not the owner, operator, or otherwise did not control or maintain the subject equipment used in the subject incident as described in Plaintiffs' Complaint, and did not employ, manage and/or control the photographers, therefore did not owe Plaintiffs any duty, including the duty to train, maintain and/or inspect.

*RCL reserves the right to amend and/or supplement these affirmative defenses as discovery is ongoing.*

Respectfully Submitted,

/s/ *Carlos J. Chardon*
Jerry D. Hamilton, Esq/

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 1:19-cv-24988-RNS

    Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
Florida Bar No. 517631
cchardon@hamiltonmillerlaw.com
Spencer B. Price, Esq.
Florida Bar No. 1001044
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant, RCL*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on March 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

    **/s/ *Carlos J. Chardon***
    Carlos J. Chardon, Esq.

CASE NO.: 1:19-cv-24988-RNS

**SERVICE LIST**

| *Attorneys for Plaintiff* | *Attorneys for Defendant, RCL and Image* |
|---|---|
| Jason R. Margulies, Esq. | Jerry D. Hamilton, Esq. |
| jmargulies@lipcon.com | jhamilton@hamiltonmillerlaw.com |
| Jacqueline Garcell, Esq. | Carlos J. Chardon, Esq. |
| jgarcell@lipcon.com | cchardon@hamiltonmillerlaw.com |
| LIPCON, MARGULIES, ALSINA & WINKLEMAN, PA | Spencer B. Price, Esq. |
| 2 South Biscayne Blvd., Suite 1776 | sprice@hamiltonmillerlaw.com |
| Miami, Florida 33131 | HAMILTON, MILLER & BIRTHISEL, LLP |
|  | 150 S.E. Second Avenue, Suite 1200 |
|  | Miami, Florida 33131 |
|  | Telephone:    305-379-3686 |
|  | Facsimile:    305-379-3690 |

*Attorneys for Defendant, Intercruises*
Daniel J. Santaniello, Esq.
Kelly L. Kesner, Esq.
Edgardo Ferreyra, Esq.
LUKSMIA-Pleadings@LS-Law.com
LUKS, SANTANIELLO, PETRILLO & COHEN
150 W. Flagler Street, Suite 2600
Miami, Florida 33130
Telephone: (305) 377-8900
Facsimile: (305) 377-8901